GRIFFIN, J.
Mark D. Vangoey [“Vangoey”] appeals his conviction for sexual battery upon a person less than twelve years of age and lewd and lascivious assault on a person less than twelve years of age. The victim was Vangoey’s then five-year-old son, M.V.
At trial, there was clear evidence of Vangoey’s guilt. M.V. testified clearly and specifically to the sex acts his father subjected him to. The victim’s maternal grandmother testified to a telephone conversation with Vangoey, which was recorded by police. On the tape, which was introduced into evidence, Vangoey referred to himself as a “pedophile” and admitted perpetrating sex acts on his son. Near the end of the tape, Vangoey also referred to an earlier arrest for a similar offense, stating:
Cause I didn’t want it to go on, but I— but I, you know, I beg every day for forgiveness from God, and I hope that maybe some day you all can just — you know, it seems like the first time when I was arrested and put on probation everybody just said, well, everybody’s got their problems and stuff.
(Emphasis added).
Defense counsel immediately objected to the jury hearing the reference to Van-goey’s earlier arrest, explaining that he had been told by the prosecutor that it would be redacted from the tape. He acknowledged that he had not listened to the entire redacted version of the tape, but explained this was because he had been told this information would be eliminated. Defense counsel moved for a mistrial, arguing that the defect could not be cured. The prosecutor advised the court that he had simply overlooked this particular reference to prior arrests and probation, while removing other similar references.
The court denied defendant’s motion for mistrial, stating:
I don’t think that the isolated comment in the context of the entire tape is of such a nature that a mistrial would be warranted in this case. It doesn’t refer, really, to anything. I wish it wasn’t in there, and I’m sure [the prosecutor] does too; but it’s there, it’s played. The motion for mistrial will be denied, but I don’t want to hear anymore about that comment between now and the end of trial.
No real defense was presented to the jury. Defense counsel conceded during closing that something had happened, but suggested it was something less than the offense which had been charged by the State. Vangoey was found guilty of both offenses. He was sentenced as a sexual predator to a mandatory life sentence for the sexual battery and to eight years in prison for the lewd assault, the sentences to be served concurrently.
It was clearly error for the prosecutor to play the portion of Vangoey’s statement complained of. We reject the State’s argument that defense counsel invited the error by failing to review the tape. He was entitled to rely on the prosecutor’s assurances that all references to defendant’s criminal record had been redacted from the tape. It was the prosecutor who was remiss, not defense counsel.
*1121 Nonetheless, we find no abuse of discretion in the trial court’s denial of Van-goey’s motion for mistrial. The trial court concluded that the reference to Vangoey’s first arrest and his probation was so fleeting and insubstantial that it played no real part in the jury’s deliberations and did not contribute to the verdict reached by the jury. The trial court could also have concluded that any harm caused by the erroneous admission of this evidence could have been alleviated by the use of a curative instruction, which was refused by Van-goey. We find no reversible error.
AFFIRMED.
COBB and PALMER, JJ., concur.